IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re: <br><br> LUCAS W.K. CLEBSCH and MARGARET L.K. CLEBSCH, <br><br> Debtors, <br> _____ <br><br> DANE S. FIELD, <br><br> Plaintiff, <br><br> vs. <br><br> PNC BANK, N.A., et al., <br><br> Defendants. | Civ. No. 19-00061 JMS-RT <br><br> ORDER (1) DENYING DEFENDANT PNC BANK, N.A.'S CORRECTED MOTION TO WITHDRAW THE REFERENCE, ECF NO. 2-1, AND (2) ADOPTING RECOMMENDATION TO WITHDRAW THE REFERENCE TO SCHEDULE A JURY TRIAL, ECF NO. 18 |

**ORDER (1) DENYING DEFENDANT PNC BANK, N.A.'S CORRECTED MOTION TO WITHDRAW THE REFERENCE, ECF NO. 2-1, AND (2) ADOPTING RECOMMENDATION TO WITHDRAW THE REFERENCE TO SCHEDULE A JURY TRIAL, ECF NO. 18**

**I. INTRODUCTION**

Two related matters are before the court. First, Defendant PNC Bank, N.A., moves pursuant to 28 U.S.C. § 157(d) to withdraw the reference made to the U.S. Bankruptcy Court of this adversary proceeding, *Field v. PNC Bank, N.A. et al.*, Adv. No. 18-90036 (Bankr. D. Haw. Dec. 7, 2018) (Chap. 7 Case No. 11-

1

01655).  ECF No. 2-1.  PNC Bank's motion seeks immediate withdrawal of the reference so that this district court can adjudicate any pretrial matters (along with several other similar wrongful-foreclosure cases against PNC Bank that are now pending in this district court before various district judges).

Second, the Bankruptcy Court has issued a March 15, 2019 Recommendation to District Court to Withdraw the Reference to Schedule a Jury Trial, ECF No. 18, in which the Bankruptcy Court independently (that is, without opining on PNC Bank's Motion to Withdraw the Reference) recommends withdrawing the reference to schedule a jury trial — but with the withdrawal only occurring ninety days prior to the trial date, while other pretrial matters including motions to dismiss or for summary judgment remain referred to the Bankruptcy Court in the meantime.  *Id.* at 2.[1]

Under Local Rule 7.2(d), the court finds the matters suitable for decision without an oral hearing.  The court DENIES PNC Bank's Motion to Withdraw, and ADOPTS the Bankruptcy Court's Recommendation.

---

[1] The Bankruptcy Court's Recommendation is, without more, the normal practice in this district where adversary matters involving a right to jury trial are filed in bankruptcy court.  *See, e.g.*, *In re HealthCentral.com*, 504 F.3d 775, 788 (9th Cir. 2007) ("A valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court.  Instead, we hold, the bankruptcy court may retain jurisdiction over the action for pre-trial matters.").

## II. DISCUSSION

Permissive withdrawal under § 157(d) provides for the district court's "discretionary withdrawal of a reference," *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 223 (D. Haw. 2006), where such withdrawal is "permitted only in a limited number of circumstances," *id.* (citations omitted). Under § 157(d), "[t]he district court *may* withdraw . . . any case or proceeding referred [to the bankruptcy court] on its motion or on timely motion of a party, *for cause shown.*" (Emphasis added). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citation omitted). Factors such as invocation of a right to a jury trial, and the existence of core bankruptcy matters are considered. *See, e.g.*, *Hawaiian Airlines*, 355 B.R. at 223. "The party bringing a motion to withdraw the reference to the bankruptcy court bears the burden of persuasion." *Field v. Levin,* 2011 WL 3477101, at *2 (D. Haw. Aug. 8, 2011) (citing *Hawaiian Airlines*, 355 B.R. at 218).

Plaintiff Dane S. Field, as Trustee of the Bankruptcy Estate of Lucas W.K. Clebsch and Margaret L.K. Clebsch, ("Field") points out that, on March 21, 2019, PNC Bank filed a proof of claim in the Bankruptcy Court, asserting an

unsecured claim of $179,835.19. *See* ECF No. 20-1. Field argues that this claim implicates core bankruptcy matters — suggesting that the matter should remain in bankruptcy court for non-jury trial matters. PNC Bank, however, contends that the Adversary Proceeding is a non-core matter, and that its claim was protective, made only "[t]o the extent the foreclosure sale is adjudicated to be void, and the Property is returned to the Debtors . . . ." ECF No. 20 at PageID #134 (quoting PNC's Proof of Claim). After reviewing the posture, the court determines that the Bankruptcy Court (rather than this court) should, if necessary, determine whether PNC Bank's claim is a "matter[] concerning the administration of the estate," 28 U.S.C. § 157(b)(2)(A), or concerns "allowance or disallowance of claims against the estate or exemptions of property," 28 U.S.C. § 157(b)(2)(B), or "determinations as to the dischargeability of particular debts," 28 U.S.C. § 157(b)(2)(I).

In any event, even if the Adversary Proceeding is a non-core proceeding, PNC Bank's primary argument for withdrawal — judicial economy — is unconvincing. PNC Bank argues that judicial economy favors withdrawal now because it has been sued in many other similar wrongful-foreclosure cases, which were removed from state court and are now pending in this district. These cases, it argues, should be heard in the same forum. But, at least at present, there is no single proceeding in this district court adjudicating those wrongful-foreclosure cases — they are being handled independently by several district judges.

Moreover, in each of the cases, plaintiffs are seeking to remand them to state court with motions that are as yet unresolved. In short, judicial economy is, at best, a neutral factor given the current posture.

Ultimately, even if the requirements are met for permissive withdrawal of the reference, the decision to do so remains discretionary. And the court finds no reason to depart from the normal practice of having the Bankruptcy Court handle most aspects of adversary proceedings, with withdrawal of the reference limited to the district court handling the jury trial or other dispositive matters on de novo review as necessary. The court is confident that the Bankruptcy Court can adjudicate any pretrial matters in this wrongful-foreclosure adversary proceeding — a subject matter it has faced in numerous other cases. *See, e.g.*, *In re Gibbs*, 522 B.R. 282 (Bankr. D. Haw. 2014); *In re Ho*, 2017 WL 1323406 (Bankr. D. Haw. 2017).[2]

---

[2] PNC Bank points out that the underlying Chapter 7 bankruptcy was fully administered and closed on September 7, 2011, and this Adversary Proceeding was not filed until over seven years later, on December 7, 2018. ECF No. 2-1. The Trustee moved to reopen the bankruptcy case on October 18, 2018 because it "recently learned of a potential asset which would be property of the estate and available for the benefit of creditors." Mot. to Reopen Case, *In re. Clebsch*, No. 11-01655 (Bankr. D. Haw. Oct. 18, 2018) (Dkt. No. 20). The Bankruptcy Court then reopened the case under 11 U.S.C. § 350(b). Federal jurisdiction, at least for most Chapter 11 *post-confirmation* adversary proceedings, is governed by "related to" jurisdiction under 28 U.S.C. § 1334(b) (providing for federal jurisdiction for civil proceedings "arising in or related to cases under [the bankruptcy code]"). *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005) (adopting a "close nexus" test for related-to jurisdiction in a post-confirmation action, allowing jurisdiction over a matter that affects "the interpretation, implementation, consummation, execution, or administration of the confirmed plan"). In so doing, *Pegasus Gold*
(continued . . .)

## III. CONCLUSION

Accordingly, the court DENIES PNC Bank's Corrected Motion to Withdraw the Reference of the Adversary Proceeding, ECF No. 2-1, and instead ADOPTS the Bankruptcy Court's Recommendation to Withdraw the Reference to Schedule a Jury Trial, ECF No. 18. The court will continue to refer the matter to the Bankruptcy Court for all pretrial matters until ninety days prior to the trial date (which will be set as explained in a minute order to follow), whereupon the matter will be withdrawn for jury-trial proceedings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 15, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Field v. PNC Bank, N.A.*, Civ. No. 19-00047 JMS-RT, Order (1) Denying Defendant PNC Bank, N.A.'s Corrected Motion to Withdraw the Reference, ECF No. 2-1, and (2) Adopting Recommendation to Withdraw the Reference to Schedule a Jury Trial, ECF No. 18

---

specifically rejected the proposition that "jurisdiction lies because the action could conceivably increase the recovery to creditors" as "such a rationale could endlessly stretch a bankruptcy court's jurisdiction." *Id.* at 1194 n.1.

It is unclear to this court whether *Pegasus Gold's* discussion of "related to" jurisdiction in a post-confirmation Chapter 11 context could apply to a Chapter 7 proceeding re-opened under § 350(b), seven years after the estate was closed. Whether this presents an issue regarding subject-matter jurisdiction is a matter best left to the expertise of the Bankruptcy Court in the first instance. This is yet another reason to deny PNC's Motion to Withdraw the Refence at this stage.